IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-14-0420 |
| CHARLES EDWARD COLEMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Defendant Charles Coleman was sentenced to a period of ninety-six months' imprisonment on September 13, 2016. (ECF No. 39.) Coleman has now filed a *pro se* motion for compassionate release or a reduction in sentence in light of the COVID-19 pandemic. (ECF No. 68.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Coleman's motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted "by the factors set forth in section 3553(a) to the extent that they are applicable." This authority empowers the Court to reduce the sentence of an incarcerated individual who proves that documented medical conditions place him or her at a substantially heightened risk of suffering death or severe illness from COVID-19. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). However, a defendant may move for a sentence reduction under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

In his letter, Coleman does not claim that he has made the necessary request to the warden of his facility. Nor does he attach any records verifying that he made such a request. Because Coleman has failed to provide evidence that he has pursued the procedure established by § 3582(c)(1)(A), this Court may not modify his sentence.[1]

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Coleman's legitimate concerns about his living situation. However, this Court is limited by the existing statutory authority in the relief it may consider. Accordingly, Coleman's Motion for Compassionate Release (ECF No. 68) is DENIED without prejudice.

DATED this 27 day of April, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

---

[1] Coleman may renew his motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Any renewed motion must be accompanied by: (1) medical records verifying any medical conditions from which Coleman claims to suffer, and (2) an explanation of why the factors set forth in 18 U.S.C. § 3553(a) entitle Coleman to compassionate release or a reduction in sentence.